FILED

2009 May-05  PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **GRANTLAND RICE, II, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No. 2:09-CV-624-RDP** |
| | } | |
| **REGIONS BANK, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

The court has before it Plaintiffs' Motion to Remand and for Costs and Attorney Fees (Doc. # 11), filed April 10, 2009.  The motion has been fully briefed (Docs. # 1, 11, 12, 14), and is now properly under submission for decision.

## I.    Procedural History.

On March 27, 2009, Plaintiffs Grantland Rice II, Joseph Robinson, Richard Robinson, Marvin E. Bruce, Michael S. Starnes, Laura M. Starnes, The Michael S. Starnes Charitable Remainder Unitrust, TCX, Inc., Hope Christian Community Foundation, J.N. Raines, Julie Raines, Fischer Lime & Cement Company, Mayer & Morris Kaplan Foundation, RJKB Investments, LLLP, Daniel R. Lewis, Jan R. Lewis, DJMD LP, Bryce Family Limited Partnership, and Urban Child Institute ("Plaintiffs") filed a Complaint in the Circuit Court of Jefferson County, Alabama asserting the following claims:  (1) Misrepresentation and Suppression/Fraudulent Concealment; (2) Breach of Tennessee Securities Act; (3) Breach of Georgia Securities Act; (4) Breach of Alabama Securities Act; (5) Breach of Florida Securities and Investor Protection Act; (6) Breach of Illinois Securities Law; (7) Negligent Supervision by MAM; and (8) Conspiracy.  (Doc. # 1).  The allegations in

Plaintiffs' Complaint relate to misrepresentations made to investors regarding certain investment funds. The claims made arise exclusively under state laws. (Doc. # 1). Indeed, Plaintiffs' Complaint states in no uncertain terms that "[t]here are absolutely no federal claims set forth in this Complaint and it is not the intention or design of the Plaintiffs to assert any cause of action based upon and federal law or to seek any remedy pursuant to federal law." (Doc. # 1, Complaint at ¶ 50). Nonetheless, on March 30, 2009, Defendants removed this action asserting that this court has federal question jurisdiction because "embedded in Plaintiffs' claims are substantial issues of federal securities law." (Doc. # 1 at ¶ 7).

On April 10, 2009, Plaintiffs moved to remand this case back to state court. (Doc. # 11). Plaintiffs assert that their misrepresentation and suppression claims and claims of violations of state securities laws raise factual matters which can be resolved without reference to federal securities laws. They further point out that whether Defendants choose to defend their claims by arguing they complied with federal securities laws is insufficient to establish federal question jurisdiction.

## II.    Legal Analysis.

It is axiomatic that this court has limited jurisdiction and is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "Because removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed. ... All doubts must be resolved in favor of a remand to state court." *Alabama State University v. Baker & Taylor, Inc.*, 998 F.Supp. 1313, 1315 (M.D. Ala. 1998) (internal citations omitted); *see also Univ. of S. Ala.*, 168 F.3d at 411.

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of South Alabama*, 168 F.3d at 410.

Defendants argue that this court should allow this case to be consolidated with multidistrict litigation in the United States District Court for the Western District of Tennessee and allow that court to resolve the motion to remand. However, "no party has a right to remain in federal court when subject matter jurisdiction is plainly lacking... ." *Betts v. Eli Lilly and Co.*, 435 F.Supp.2d 1180, 1184 (S.D. Ala. 2006) (denying defendant's motion to stay and declining to defer ruling on plaintiff's motion to remand). One of our sister districts, under similar circumstances, has taken the approach that the court "'should first give preliminary scrutiny to the merits of the motion to remand' and ..., 'if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.'" *Betts*, 435 F.Supp.2d at 1182 (quoting *Moton v. Bayer Corp.*, 2005 WL 1653731 at *2 (S.D. Ala. 2005) (quoting *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1049 (E.D.Wis.2001))).

In support of their removal of this action, Defendants assert that Plaintiffs have alleged violations of federal law. The court disagrees. An analysis of the Complaint reveals that, although the factual allegations made by Plaintiffs may also establish violations of federal law, Plaintiffs' claims do not arise under, or even necessarily implicate, federal law. Plaintiffs allege that Defendants' funds did not comport with representations made by Defendants in *their own documents* about the funds, *i.e.*, Defendants made misrepresentations about how the fund would be operated,

3

and/or they suppressed violations of their own governing documents.  (Compare Doc. # 12 at 5-6 and Doc. # 1, Complaint at ¶¶ 38-39, 54).

"[T]o meet their burden [of showing that removal was proper], the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008).  In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005), the Supreme Court "fashioned the following test to evaluate the existence of federal question jurisdiction where no federal claims are stated: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities [?]"  *Adventure Outdoors, Inc.*, 552 F.3d at 1295 (quoting *Grable & Sons Metal Products, Inc.*, 545 U.S. at 312).  Here, Plaintiffs' claims do not necessarily raise a stated federal issue.  Rather, they are focused on whether the product sold to Plaintiffs was "what, in [their] *own written materials*, Defendants represented that it was." (Doc. # 14 at 7; *see also* Doc. # 1, Complaint at ¶¶ 15, 23 -28) (emphasis added).   Plaintiffs do not need to prove violations of federal securities laws in order to prevail.[1]

Defendants have not met their burden of showing that Plaintiffs' claims "really and substantially" involve questions of federal law. *See Shulthis v. McDougal*, 225 U.S. 561, 569 (1912).

---

[1] Defendants' argument they are "highly regulated by federal agencies" is nothing more than a distraction.  If all claims regarding securities were to be handled by federal courts, there would be no purpose to the states' Blue Sky laws.  Moreover, Defendants do not even wholeheartedly argue that complete preemption applies.

Whether Plaintiffs can establish the claims stated in their Complaint can judged without reference to federal law.

## III.    Conclusion

Resolving all doubts in favor of remand, as it is obliged to do, the court concludes that it lacks subject matter jurisdiction over this action.[2]  Plaintiffs' request for attorney fees is due to be denied.  This case is due to be remanded to the Circuit Court of Jefferson County, Alabama.  A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this ___5th___ day of May, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2] The court is cognizant that Defendants have requested that this case be given tag-along status and transferred to the Western District of Tennessee for inclusion in MDL No. 2009, and that other judges in other cases have either stayed consideration of motions to remand in the interests of judicial consistency, economy and uniformity.  The court is confident that, applying the law of this Circuit to the motion to remand, there is only one correct outcome here – remand to the state court.  While there may be other cases wherein the complaints actually raise substantial questions of federal law, the Complaint here does not.